Birchard, C. J.
The objection taken to the declaration is, that it does not show upon its face that the libel was upon Russell. This is a mistake. The declaration avers that the publication was of, concerning and against the plaintiff; that defendant published, &c., the false-, scandalous, malicious, defamatory and libellous matters of and concerning the plaintiff, that is to say, &c., setting forth the libel, with inuendoes, averring that certain words meant the plaintiff. The words of the libel were actionable and were alleged to have been published of the plaintiff. ' The particular words said to have been intended to indicate him are referred to, and averred to have meant him. This was sufficient. It would have been good on demurrer, and is clearly so after verdict.
In support of the second assignment, it is urged that there should have been proof that the paper offered in evidence was the same one used by McLaughlin to the witness, or that its loss should have been accounted for. It is to be observed in reference to this objection, that the proof was that several hundred sheets of the impression containing the libel, had been *480 struck off, that this paper offered in evidence, was one' of the impressions, and identical with that read to the witness by McLaughlin. The objection that this paper was but secondary evidence, is not founded upon correct premises. It was no more secondary in its nature, than would be one duplicate of one original contract, secondary evidence to the other. Any one. number of the entire impression, was as much an original as any other number. There is no reason why any difference should be made between the numerous.sheets of the same impression. All must of necessity be alike.
Again, the objection that the published article had been changed in an immaterial matter from the manuscript, should not have excluded it from' the jury. The witness Paul stated that McLaughlin read it to him from the newspaper, stating that he was the writer. This was evidence from which the jury might have found him, the writer, against the evidence of the editor, and thus sustain the first count of the declaration. Or they might infer from this acknowledgment, that he authorized or procured the editor to make the immaterial alteration, and so sustain the allegation of the other counts, that he caused and procured the libel to be written, &c. ■ The evidence was competent, and properly admitted. It tended to support the declaration. Whether it was sufficient or not was for the jury to determine. It was for them to say whether the editor’s statement, or the statement of Paul, was to be received as truth. The only remaining inquiry is, whether witnesses may be Called to prove the party intended and meant, by an ambiguous libel." In this case the defamation was directed against Russell by the name'of J. The substance of the averment is, that the writer by J. meant the plaintiff Russell. The colloquium, specific averments and innuendos, are all of them sufficient, if true, to point to the meaning of the writer and leave no doubt upon the mind as to the party intended to be defamed. But how shall the Court and jury ascertain the truth or falsity of them? The defendant pleads not guilty. He would not admit them. Must a slanderer escape punishment because he has had the in *481 genuity to so compose a sladerous article that strangers would not know whom he intended to vilify, while at the same time his victim is so referred to, that none of his would mistake the application ? The rule contended for, would work this result. Fortunately that rule is as illy sustained by the authorities as by right reason.
Starkie says the colloquium and other averments which connect the libel with the plaintiff, must be proved, and that it is usually shown by the testimony of one or more witnesses who knew the parties and circumstances, and who state their opinion and judgment as to the intention of the defendant, to apply his words or libel to the parties or circumstances as alleged. It is sufficient if the witness in the first instance, state his general belief and opinion as to the defendant’s meaning, without disclosing his reasons, leaving it to the defendant if he thinks proper, to inquire as to the grounds and reasons which support that conclusion. Stark. Ev. part 4, p. 861.
Numerous authorities have been adduced to the same point; Thatcher’s Crim. Cases, 29; Commonwealth v. Buckingham, Starkie on Slander, vol. 2, p. 50; Cooke on Def. 146; 2 Greenleaf Evi. 394; Bourke v. Warren, 12 Eng. C. L. 138.
On the other hand two cases are relied upon from New York as supporting a contrary doctrine. Did they both come up to the point we should refuse to follow them. But the leading case of Van Vechton v. Hopkins, 5 Johns. 24, does not reach this point. The point decided in Van Vechton, which is supposed to bear on this question was, that a witness could not be permitted to testify to the construction of a libel, unaided by any circumstances within the knowledge of the witness, except what he derived from reading the libel. To have held otherwise, would have been against every principle of law says Judge Spencer, and we concur with him. This case does not purport to overrule the law as stated in Starkie.
The case of Gibson v. Williams, 4 Wend. 326, however, does. The Court, in that case, copy the very passage which I have quoted above, and remark that Mr. Starkie cites no case *482 as authority in support of his position, and express the be- ^ ^at none *s to ^0UnrJ and that it is not sustained any other writer upon the law of libel or the rules of evidence.
With due defference we think the learned Judge who delivered that opinion, was altogether mistaken as to the state of the authorities and the opinions of law writers, and not less mistaken in supposing that the case of Van Vechton v. Hopkins, the only one to which he referred, overruled the text in Starkie. It is evident to my mind that Judge Spencer, Kent and Thompson, when assenting to that decision, thought of nothing of the kind. They never suspected that their decision would work such a result.

Judgment affirmed.